a

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

| | |
|---|---|
| **BOBBY LEE PARKS SR** **#332119/64702/141515,** **Petitioner** | **CIVIL DOCKET NO. 5:24-CV-01572** **SEC P** |
| **VERSUS** | **JUDGE S. MAURICE HICKS, JR.** |
| **CADDO CORRECTIONAL CENTER ET AL,** **Respondent** | **MAGISTRATE JUDGE PEREZ-MONTES** |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Bobby Lee Parks, Sr. ("Parks"). Parks is detained at the Caddo Correctional Center. He challenges the legality of his continued detention.

Because Parks did not seek relief in the state courts, his Petition should be DISMISSED without prejudice.

## I.    Background

Parks states that he received a 12-year sentence in 2017 for an unspecified conviction. ECF No. 1 at 1. The following year, he was transferred to Harris County, Texas, for the adjudication of criminal charges. *Id.* at 2. After sentencing, Texas authorities released Parks rather than transferring him back to Louisiana. *Id.*

Parks alleges that, several years later, he was cited for speeding by Louisiana State Police and transported to the hospital "for heart problems." ECF No. 1 at 6. After leaving the hospital, Parks learned that he was reported as an escapee. *Id.*

Thereafter, he was informed that he had been inadvertently released by Texas officials. *Id.*

II.    <u>Law and Analysis</u>

A petitioner may seek habeas relief if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). A state pre-trial detainee may seek habeas relief under § 2241 for pre-trial issues such as violations of a state speedy trial act, double jeopardy, or bond conditions. *See Stringer v. Williams*, 161 F.3d 259 (5th Cir. 1998); *Dickerson v. Louisiana*, 816 F.2d 220, 223-24 (5th Cir. 2009). However, a fundamental prerequisite to federal habeas relief is the exhaustion of all claims in state court. *See Picard v. Conner*, 404 U.S. 270, 275 (1971); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489 (1973); *Dickerson*, 816 F.2d 220, 225 (5th Cir. 1987). The exhaustion requirement provides the state an opportunity to confront and resolve any constitutional issues arising within its jurisdiction and limits federal interference in the state adjudicatory process. *Id.*

A petitioner must "fairly apprise the highest court of his state of the federal rights which were allegedly violated," and do so "in a procedurally correct manner." *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). The highest state court in Louisiana is the Louisiana Supreme Court. *See* La. Const. art. V, § 5(A). Therefore, a Louisiana pretrial detainee may not proceed in federal court under § 2241 unless he has first presented his claims to the Louisiana Supreme Court.

Parks's challenge to his current detention has not been presented to the Louisiana Supreme Court. Accordingly, Parks must first seek relief in the First

Judicial District Court.  If denied, he must seek discretionary review in the Louisiana Second Circuit Court of Appeal and the Louisiana Supreme Court prior to petitioning this Court for relief.  *See Wilson v. Foti*, 832 F.2d 891, 893 (5th Cir. 1987); *Prudhomme v. Iowa Police Dep't*, 07-CV-0745, 2007 WL 2702183, at *3 (W.D. La. Aug. 22, 2007).

III.    <u>Conclusion</u>

Because Parks's claim is unexhausted, IT IS RECOMMENDED that the Petition be DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b).  A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause.  A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, January 28, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

3